Arturo FLORES, et al., Plaintiffs,

v.

MILLENNIUM INTERESTS,
LTD., et al., Defendants.

Civil Action No. H–03–446.

United States District Court,
S.D. Texas.

July 21, 2003.

William C. Wagner, Houston, TX, for Plaintiff.

Todd Mensing, Houston, TX, for Defendant Millennium.

Mark Lester, Houston, TX, for Defendant Concord.

Opinion on Summary Judgment

HUGHES, District Judge.

1. *Introduction.*

Three families purchased land through contracts for deed, making monthly payments toward eventual ownership. The families claim that the seller and servicer violated federal and state law by sending notices and annual statements without information required by statute. The plaintiffs will take nothing on their claims because the servicing company is not a debt

---

223. Docket no. 310 at 14–22.

collector and they were not harmed by the missing data.

## 2. *Background.*

In April **1998**, Pedro Flores and his wife, Maribel, signed a contract for deed to buy a vacant lot from Millennium, as did Arturo Flores; Alejandro and Joaquina Vergara did the same in January **2000**. The Floreses and Vergaras owe monthly payments to Millenium to pay for the land, interest, and taxes on the land. Millennium hired Concord Servicing in July **2000** to manage these accounts. Millennium receives the payments and tells Concord of the amount and date of payment. If a payment is late, Concord assesses a late charge and sends a notice of the delinquent debt. Concord sent Pedro Flores and Alejandro Vergara several letters from January 2002 through February 2003.

## 3. *Claims.*

The Pedro Floreses and the Vergaras claim Concord violated the federal law by sending them collection letters that lacked required information. The Vergaras also claim that Concord damaged their credit by reporting that they defaulted on their payments. The plaintiffs all claim that Millennium violated Texas law by not furnishing the required information in the annual account summaries.

## 4. *Debt Collection.*

Federal law regulates companies that regularly collect debts for third parties. A company collecting debts that were not in default when the company began servicing them, however, is not a "debt collector" under that law. Federal Debt Collections Practices Act, 15 U.S.C. § 1692a(6).

Concord is not a debt collector. Concord is a servicing company that offers a number of services for Millenium, including processing payments, assessing maintenance fees, and year-end credit reporting; collecting delinquent debts is only a fraction of its services. It acquires the accounts for service before they are in default. It does not have to furnish the necessary data in its letters.

## 5. *Letters, Letters.*

A collector's initial letter to a consumer about a debt must have specific data: (a) the amount of the debt, (b) the name of the creditor, (c) the time allowed to dispute the debt, (d) the creditor's willingness to verify the debt to the collector if the consumer disputes it, and (e) the creditor's willingness to furnish the name and address of the original creditor at the debtor's request. 15 U.S.C. § 1692g.

■ Flores offers eight letters sent from December **2000** to February **2003** as evidence of noncompliance, seven of which do not have the required data. Although not subject to this law, Concord did include the required data in its initial letter sent to Flores in December **2000**. Pls.' Mot. Ex. **13**. The information must be included in later letters only if it is not in the initial letter to the debtor. After the December 2000 letter, Flores had been notified of his rights to dispute the debt; Concord did not have to include the required information in further communications.

Vergara offers eleven letters sent from December **2000** to July **2002** as evidence of noncompliance. Ten of the letters do not have the required data, but only four come within the statutory period for recovery. Concord, however, did send one letter with the necessary information in January **2001** after sending three letters that was missing it in December **2000** and January **2001**.

Concord's letters to Alejandro Vergara fall within an exception to collector liability—its noncompliance was unintentional and resulted from a legitimate error de-

spite procedures reasonably designed to avoid it. 15 U.S.C. 1692k(c). Its initial three letters did not have the required statements, but Concord's January 2001 letter to Vergara did. The missing data in December was an error, which Concord quickly remedied the following month.

Although Concord is not subject to the debt collections act, it included the information in its initial letter to Flores and came within an exception to the act by mistakenly omitting it in Vergara's first three letters. Concord did not violate the act.

Finally, the letters were addressed to Pedro Flores and Alejandro Vergara. Neither Maribel Flores and Joaquina Vergara received letters, therefore they may not recover under this act.

### 6. Ruined Credit.

In August 2000, Vergara unsuccessfully attempted to refinance his property loan. He asserts that Concord ruined his credit by reporting the loan terminated because of his default. Concord, however, did not violate the law in reporting the loan terminated. Moreover, Vergara cannot prove the bank would have refinanced the loan if Concord had not reported the loan terminated. It is unlikely the bank would have refinanced with a report of numerous late payments. Because there is no violation or proven harm Vergara is not entitled to relief.

■ Further, suits under the act must be brought within one year of the violation. 15 U.S.C. § 1692k(d). The Vergaras knew of the negative credit report in August 2000; this lawsuit, filed in February 2003, is one and one-half years too late.

### 7. Annual Statements.

■ In transactions involving contracts for deeds, sellers must give purchasers annual statements that include the amount paid under contract, the amount still owed, the number of payments remaining, and the amounts paid to taxing authorities. TEX. PROP.CODE § 5.077(a), (b). Every January, Millennium sent the plaintiffs an account summary for the previous year. Millennium's 2001 and 2002 statements did not include the number of payments remaining or the amount still owed but did include the amount of tax paid, the amount of interest paid to date, and the amount of principal and interest paid that year. The amount still owed and the amount paid to date could have been calculated from the figures provided in the statements. The plaintiffs claim Millenium's omissions entitles them to statutory damages. They are wrong.

A seller who sends no statement at all violates the statute and is liable for statutory damages. TEX. PROP.CODE § 5.077(c). Although it did not include all of the required figures, Millennium *did* send annual interest statements with some information. The statements were not so deficient that they constituted no statements at all. The statutory damage provision pertains only to the failure to send an annual statement not to the omission of some of the required information.

To claim damages for an incomplete statement, the purchaser must show an actual injury resulting from the omission. The plaintiffs neither pleaded nor suffered actual harm from Millennium's non-compliance. Because Millennium's omission resulted in no actual harm, it is not liable for damages under the statute.

### 8. Conclusion.

Even if Concord were subject to the debt collections practices act, its letters to the plaintiffs are not actionable. The Vergaras' claim that Concord ruined their credit is late. Millennium sent the statements required by Texas law. The defendants are entitled to judgment as a matter

of law, and the plaintiffs will take nothing on their claims.

Order and Interlocutory Judgment

1. Arturo Flores takes nothing from Millennium Interests, Ltd., and Concord Servicing Corporation.

2. Pedro Flores, Maribel Flores, Alejandro Vergara, and Joaquina Vergara take nothing on their property code and debt collection act claims from Millennium Interests, Ltd., and Concord Servicing Corporation.