United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 5, 2004**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

———————

m 03-21002

———————

ARTURO FLORES,

Plaintiff-Appellant,

VERSUS

MILLENNIUM INTERESTS , LTD., ET AL.,

DEFENDANTS,

MILLENNIUM INTERESTS, LTD.,

Defendant-Appellee.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

PEDRO FLORES AND MARIBEL FLORES,

Plaintiffs-Appellants,

VERSUS

MILLENNIUM INTERESTS, LTD., ET AL.,

Defendants,

MILLENNIUM INTERESTS, LTD.,

Defendant-Appellee.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

ALEJANDRO VERGARA AND JOAQUINA VERGARA,

Plaintiffs-Appellants,

VERSUS

MILLENNIUM INTERESTS, LTD., ET AL.,

Defendants,

MILLENNIUM INTERESTS, LTD.,

Defendant-Appellee.

* * * * * * * * * * * * * *

_____

m 03-21003

_____

ARTURO FLORES,

Plaintiff-Appellant,

VERSUS

MILLENNIUM INTERESTS , LTD., ET AL.,

DEFENDANTS,

MILLENNIUM INTERESTS, LTD.,

Defendant-Appellee.

* * * * * * * * * * * * * *

2

PEDRO FLORES AND MARIBEL FLORES,

Plaintiffs-Appellants,

VERSUS

MILLENNIUM INTERESTS, LTD., ET AL.,

Defendants,

MILLENNIUM INTERESTS, LTD.,

Defendant-Appellee.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

ALEJANDRO VERGARA, ET AL.,

Plaintiffs,

ALEJANDRO VERGARA,

Plaintiff-Appellant,

VERSUS

MILLENNIUM INTERESTS, LTD., ET AL.,

Defendants,

MILLENNIUM INTERESTS, LTD.,

Defendant-Appellee.

3

Before SMITH, WIENER, and PICKERING,
    Circuit Judges.

PER CURIAM:

This case, in which federal jurisdiction is grounded in diversity of citizenship, raises important issues of Texas law that the Texas courts have not resolved. Accordingly, we certify the unresolved questions to the Supreme Court of Texas.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF TEXAS, PURSUANT TO TEXAS CONSTITUTION ART. 5, § 3-c, AND RULE 58 OF THE TEXAS RULES OF APPELLATE PROCEDURE.

TO THE SUPREME COURT OF TEXAS AND HONORABLE JUSTICES THEREOF:

### I. Style of the Case

The style of the case in which certification is made is *Flores v. Millennium Interests, Ltd.*, Case No. 03-21002, in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Southern District of Texas.

### II. Statement of the Case

The defendant, Millennium Interests, Ltd. ("Millennium"), develops residential subdivisions in the Houston area, financing most of its sales using contracts for deeds. The plaintiffs are from three families who purchased houses from Millennium under contracts for deeds.

In July 2000, Millennium retained Concord Servicing Corp. ("Concord") to perform accounting and reporting services for the contracts. Concord provided two annual statements to each of Millennium's customers, an Annual Interest Statement and an Escrow Analysis. In 2002 and 2003, Concord transmitted to plaintiffs these annual statements for calendar years 2001 and 2002, respectively.

In 2001, the Texas Legislature renumbered and revised Texas Property Code § 5.077. Effective September 1, 2001, § 5.077(a) requires a seller of an executory contract to provide annual statements to its purchaser, and § 5.077(b) lists seven items that must be included in each such statement. Of the seven items, two were not included in the statements that Concord issued to plaintiffs: § 5.077-(b)(1), the "amount paid under the contract," and § 5.077(b)(3), the "number of payments remaining under the contract."

Subsection (c) of § 5.077 contains a penalty provision for a seller's failure "to comply with Subsection (a)." It makes the seller liable to the purchaser for "(1) liquidated damages in the amount of $250 a day for each day after January 31 that the seller fails to provide the purchaser with the statement; and (2) reason-

4

able attorney's fees."

Plaintiffs sued, asserting, *inter alia*, claims against Millennium under § 5.077 and against Concord under the Federal Fair Debt Collection Practices Act. The district court entered summary judgment for Millennium on all claims. Plaintiffs appeal only in regard to the adverse ruling on § 5.077.

### III. Legal Issues

The district court ruled that "[t]o claim damages for an incomplete statement, the purchaser must show an actual injury resulting from the omission," and that "[b]ecause Millennium's omission resulted in no actual harm, it is not liable for damages under the statute." The court further reasoned that a violation can stem only from the failure to send any statement at all, and the statements in question "were not so deficient that they constituted no statements at all." Resolution of this case turns on the answers to the following questions: (1) Does the seller under a contract for deed violate the statute if the statement furnished to the purchaser does not strictly comply with the statute, i.e., omits information required by the statute, or may the seller satisfy the statute by substantial compliance, i.e., by furnishing a statement containing less than all the required contents?; and (2) if the seller may satisfy the statute by substantial compliance and does so, must the purchaser prove "actual harm" to recover statutory damages from the seller? This case also raises the question whether, in calendar years 2001 through 2003, "exemplary damages" as defined in Chapter 41 of the Texas Civil Practice and Remedies Code included "liquidated damages" as defined in § 5.077 of the Texas Property Code, making it necessary for a purchaser under a contract for deed to comply with § 41.003 of the Civil Practice and Remedies Code to recover "liquidated damages" under § 5.077 of the Texas Property Code?

### IV. Questions Certified

1. If a seller under a contract for deed sends a purchaser a statement under § 5.077(a) that omits any of the applicable information listed in § 5.077(b) of the Texas Property Code, specifically in the information required by § 5.077(b)(1) or (3), or both, is the seller liable to the purchaser for $250 per day liquidated damages as set forth in § 5.077(c)?

2. If a seller under a contract for deed sends a purchaser a statement that omits information required by §§ 5.077(b)(1) and (3), must the purchaser prove actual harm or injury to recover liquidated damages under the statute?

3. In 2001, 2002, and 2003, did the statutorily defined "exemplary damages" in chapter 41 of the Texas Civil Practice and Remedies Code encompass the statutorily defined "liquidated damages" in § 5.077 of the Texas Property Code, so that to recover under § 5.077 of the Property Code a purchaser would have to comply with § 41.003 of the Civil Practice and Remedies Code?

We disclaim any intention or desire that the Supreme Court of Texas confine its reply to the precise form or scope of the questions certified. The answers provided by the Supreme Court of Texas will determine the issues on appeal in this case. The record and copies of the briefs are transmitted herewith.

QUESTIONS CERTIFIED.