Footnotes in HTML versions of opinions are designated by superscript
“balloons” and are not numbered. For an exact copy of the opinion, retrieve the
Adobe PDF version.

IN THE SUPREME COURT OF TEXAS

════════════
No. 04-1003 
════════════

Arturo Flores, et al., Appellants,

v.

Millennium Interests, Ltd., et al., Appellees

════════════════════════════════════════════════════
On Certified Questions from the United States Court of Appeals 
for the Fifth Circuit 
════════════════════════════════════════════════════

Argued February 15, 2005


            Justice Medina delivered the opinion of the Court joined by Justice Hecht, Justice
O’Neill, Justice Wainwright, Justice Johnson, and Justice Willett.
 
            Justice Wainwright filed a concurring opinion.

            Justice Brister filed a dissenting opinion joined by Chief Justice Jefferson and Justice
Green.

            This case comes to us on certified questions from the United States Court of Appeals for the
Fifth Circuit asking us to construe section 5.077 of the Texas Property Code. That section requires
that the seller of real property under an executory contract provide the buyer with an annual
accounting statement and imposes “liquidated damages” should the seller fail to comply. The Fifth
Circuit has asked the following questions about this statute:
1. If a seller under a contract for deed sends a purchaser a statement under § 5.077(a)
that omits any of the applicable information listed in § 5.077(b) of the Texas Property
Code, specifically in the information required by § 5.077(b)(1) or (3), or both, is the
seller liable to the purchaser for $250 per day liquidated damages as set forth in §
5.077(c)?
 
2. If a seller under a contract for deed sends a purchaser a statement that omits
information required by §§ 5.077(b)(1) and (3), must the purchaser prove actual harm
or injury to recover liquidated damages under the statute?
 
3. In 2001, 2002, and 2003, did the statutorily defined “exemplary damages” in
chapter 41 of the Texas Civil Practice and Remedies Code encompass the statutorily
defined “liquidated damages” in § 5.077 of the Texas Property Code, so that to
recover under § 5.077 of the Property Code a purchaser would have to comply with
§ 41.003 of the Civil Practice and Remedies Code?

390 F.3d 374, 376-77 (5th Cir. 2004) (per curiam). The Fifth Circuit has further disclaimed “any
intention or desire” that we “confine [our] reply to the precise form or scope of the questions
certified.” Id. at 377.
            We conclude that the annual statements in this case were timely under section 5.077(a) and
that the omission of some information required by section 5.077(b) did not render them deficient or
otherwise invoke the liquidated damages provision of section 5.077(c). We further conclude that
the Legislature intended for the “liquidated damages” of section 5.077(c) to be a penalty and did not
intend that a purchaser prove actual damages as a predicate to their recovery. We accordingly
answer the first two questions posed by the Fifth Circuit, No, and conclude that those answers make
it unnecessary to reach the third and final question.
I
            Millennium Interests, Ltd. develops residential subdivisions in the Houston area, financing
most of its sales either with traditional mortgages or executory contracts, also known as contracts
for deed. A contract for deed, unlike a mortgage, allows the seller to retain title to the property until
the purchaser has paid for the property in full. Such sales are regulated by statute which, among
other things, requires that the seller provide the purchaser with an annual accounting statement on
or before January 31 each year. See Tex. Prop. Code § 5.077. If the seller fails to send the
statement on time, the statute makes the seller liable to the purchaser for “liquidated damages” and
attorney’s fees. Id. § 5.077 (c).
            The purchaser’s statutory right to liquidated damages and attorney’s fees under a contract for
deed is relatively new, added in 2001, when the Legislature renumbered and revised the statutes
applicable to such contracts.


 Previously, the statute had allowed the purchaser to deduct 15% of his
or her monthly payments beginning on the date on which the required information was demanded
until the date on which it was provided.


 The 2001 amendments, however, changed this to provide:
(c) A seller who fails to comply with subsection (a) is liable to the purchaser for:
 
(1) liquidated damages in the amount of $250 a day for each day after
January 31 that the seller fails to provide the purchaser with the
statement; and
 
(2) reasonable attorney’s fees.

Tex. Prop. Code § 5.077(c). These “liquidated damages” are triggered by the seller’s failure to
comply with subsection (a), which provides:
(a) The seller shall provide the purchaser with an annual statement in January of each
year for the term of the executory contract. If the seller mails the statement to the
purchaser, the statement must be postmarked not later than January 31.

Id. § 5.077(a). Subsection (b) then lists the information that must be provided in the annual
statement, which includes:
(1) the amount paid under the contract;
 
(2) the remaining amount owed under the contract;
 
(3) the number of payments remaining under the contract; 
 
(4) the amounts paid to taxing authorities on the purchaser’s behalf if collected by the
seller;
 
(5) the amounts paid to insure the property on the purchaser’s behalf if collected by
the seller;
 
(6) if the property has been damaged and the seller has received insurance proceeds,
an accounting of the proceeds applied to the property; and
 
(7) if the seller has changed insurance coverage, a legible copy of the current policy,
binder or other evidence that satisfies the requirements of Section 5.070(a)(2).

Id. § 5.077(b).

            In July 2000, Millennium retained Concord Servicing Corp. to perform accounting and
reporting services for its financing transactions. Concord provided two annual statements to each
of Millennium's customers, an “Annual Interest Statement” and an “Escrow Analysis.” 
Unfortunately, these statements failed to include two items required by the statute, the “amount paid
under the contract” and “the number of payments remaining under the contract.”


 Id. § 5.007(b)(1),
(3).
            Consequently, three purchasers sued Millennium for these omissions in their 2001 and 2002
annual statements, seeking statutory damages. At the summary judgment hearing in May 2003, these
purchasers claimed that they were entitled to statutory damages greatly in excess of the purchase
prices of their respective properties. The federal district court disagreed, however, rendering
summary judgment for Millennium. The court concluded that:
• Millennium had timely provided annual statements to the purchasers; 
 
• Section 5.077(c) permits the recovery of liquidated damages of $250 per day only
for violation of Section 5.077(a), which requires the timely mailing of annual
statements to purchasers under a contract for deed;
 
• Section 5.077(c) does not similarly provide for liquidated damages for violation of
Section 5.077(b), which delineates the contents of an annual statement; and
 
• Because Section 5.077(c) does not provide for liquidated damages when a statement
is timely provided, the plaintiffs were not entitled to recover in the absence of proof
of actual damages.

273 F. Supp. 2d 899, 901. The purchasers appealed the summary judgment in Millennium’s favor
to the Fifth Circuit, which certified the aforementioned questions to us.
II
            The first certified question asks whether section 5.077(c)’s liquidated damages are owed
when a seller delivers a timely annual statement that omits some of the information listed in
subsection (b) of that statute. The plain wording of the statute is argued in support of conflicting
interpretations. The purchasers argue that because subsection (b) defines what information an
“annual statement” must include, a document that does not contain this information cannot be an
annual statement. Thus, the purchasers conclude that statutory damages apply until they receive a
complete annual statement, incorporating all of the information required by subsection (b). 
Millennium argues, on the other hand, that because the statute plainly premises statutory damages
only upon the seller’s failure to provide the purchaser with a timely annual statement, subsection (a),
without mentioning subsection (b), that a timely annual statement may omit some of the information
required by subsection (b) and not invoke the liquidated damages provision. Millennium further
submits that had the Legislature intended otherwise, it would have conditioned the assessment of
liquidated damages upon the seller’s failure to comply with both subsections (a) and (b) of the
statute.
            The parties also disagree about the nature of these statutory damages. Millennium argues that
these damages are penal in nature because they bear no relation to a purchaser’s actual damages
when receiving a late annual statement. The purchasers respond that the Legislature did not intend
for them to be a penalty because it labeled the recovery as “liquidated damages.”
            The term “liquidated damages” ordinarily refers to an acceptable measure of damages that
parties stipulate in advance will be assessed in the event of a contract breach. Valence v. Dorsett
Operating Co.,164 S.W.3d 656, 664 (Tex. 2005). The common law and the Uniform Commercial
Code have long recognized a distinction between liquidated damages and penalties. See Stewart v.
Basey, 245 S.W.2d 484, 485-486 (Tex. 1952); Tex. Bus. & Com. Code § 2.718(a). If damages for
the prospective breach of a contract are difficult to measure and the stipulated damages are a
reasonable estimate of actual damages, then such a provision is valid and enforceable as “liquidated
damages;” otherwise it is void as a “penalty.” Phillips v. Phillips, 820 S.W.2d 785, 788 (Tex. 1991). 
The purchasers therefore conclude that these damages cannot be both “liquidated damages” and a
“penalty.”
            While we agree that this is true at common law, it does not always hold true for statutes. 
Aside from the 2001 amendments to the Property Code,


 twelve Texas statutes mention liquidated
damages, nine of which involve the regulation of liquidated damage provisions in contracts.


 
Representative here is section 2.718 of the Business & Commerce Code which codifies the common
law distinction as part of Texas’ adoption of the Uniform Commercial Code’s article on sales.


 The
Legislature, however, has also used the term “liquidated damages” in other contexts and, on
occasion, has used it when referring to a penalty.


 For example, section 62.201 of the Labor Code
imposes a civil penalty against an employer who violates minimum wage laws in the amount of “the
unpaid wages plus an additional equal amount as liquidated damages.” Article 6362 of the revised
civil statutes imposes a penalty of “five hundred dollars as liquidated damages” payable to the
shipper if a railroad charges more for a double-decked carload of sheep than for a similar shipment
of cattle, but also waives “the penalties prescribed in this article” under certain circumstances.
            In 2001, the Legislature amended the Property Code to add, among other things, two
provisions for “liquidated damages,” the provision at issue here, section 5.077(c), and section
5.079(c). This latter section assesses “liquidated damages” against a seller who fails to promptly
tender a deed within 30 days after the purchaser’s final payment under a contract for deed. The
predecessor to section 5.079(c) imposed a “penalty” upon a seller for this same conduct, setting the
penalty at $250 per day for the first 90 days and $500 per day for each day thereafter. See Act of
June 17, 1995, 74th Leg., R.S. Ch. 994, § 3, 1995 Tex. Gen. Laws 4988 (formerly Tex. Prop. Code
§ 5.102), amended by Act of June 13, 2001, 77th Leg., R.S. Ch. 693, § 1, 2001 Tex. Gen. Laws 1327
(current version at Tex. Prop. Code § 5.079). The 2001 amendment recharacterized these penalties
as “liquidated damages” but did not otherwise change the statutory formula for computing these
damages. See id.
            In Brown v. De La Cruz, 156 S.W.3d 560 (Tex. 2004), we compared section 5.079(c) to its
predecessor to aid our understanding of whether the earlier version provided a private right of action
for these penalties. We held that it did not, observing that “by changing ‘penalty’ to ‘liquidated
damages’ and adding a provision for attorney’s fees, the Legislature changed not just the recipient
but the nature of the amounts assessed.” Id. at 565. Thus, we concluded that the 2001 amendment
had created a private right of action for these statutory damages – a right that could not be inferred
from the language of the original statute. Id. We did not decide, however, whether the assessment
of “liquidated damages” in section 5.079(c) was compensatory or penal in nature, although we did
note, in passing, that the severity of the statutory formula “would in many instances impose a fine
far beyond the damages that a purchaser is likely to suffer.” Id. at 566.
            This observation from Brown is instructive here because sections 5.079(c) and 5.077(c) share
a similar statutory formula for computing liquidated damages. According to Millennium’s math, that
formula yields liquidated damages in this case in excess of five times the value of the underlying
properties. Such an award obviously bears no relation to the harm caused by a late or incomplete
annual statement; in fact, these purchasers candidly admit that they have not been harmed. 
            We have found statutory damage schemes far less draconian than this one to be penal in
nature. See Johnson v. Rolls, 79 S.W. 513, 514 (Tex. 1904) (statutory liquidated damages awarded
without reference to any actual loss or injury have “much the character of exemplary or punitive
damages”); The Houston & Tex. Central Ry. Co. v. H.W. Harry & Bros., 63 Tex. 256, 260 (1885)(to
the extent that an award of statutory damage exceeds the amount necessary to compensate plaintiff’s
injury, “the excess is but exemplary damage”). In fact, before the 2001 amendments, there was little
doubt that the Legislature also thought of these damages as a penalty. At least that is how section
5.079(c)’s predecessor referred to them. See Brown, 156 S.W.2d at 563 (quoting former § 5.102(b)
of the Property Code). Merely changing the label for these statutory damages did not, without more,
change their underlying character; they remain penal in nature.
            As a penal statute, section 5.077 must be strictly construed. See id. at 565 (“statute providing
for a daily penalty unrelated to actual losses must be strictly construed”). The statute conditions
liability for “liquidated damages” on the seller’s failure to provide an annual statement by the
statutory deadline. And although the statute also lists the information that must be included in that
statement, it does not, strictly speaking, trigger an award of “liquidated damages” when some of that
information is missing. By tying the statutory penalty to timely delivery of the annual statement, but
not its contents, the Legislature’s apparent purpose was to provide the purchaser with certain annual
information about the parties’ executory contract and to incite further inquiry if some of that
information was missing or incomplete. Accordingly, we conclude that an annual statement under
Section 5.077 that omits some required information does not invoke the “liquidated damages”
provision unless the statement is so deficient as to be something other than a good faith attempt by
the seller to inform the purchaser of the current status of their contractual relationship. The answer
to the first certified question is, therefore, No.
            The company hired by Millennium to service its financial transactions was apparently
unaware of recently enacted disclosure requirements specifically applicable to executory contracts
and accordingly sent these purchasers the same statements it typically used to service traditional
mortgage loans. Those statements disclosed two of four items of information required by section
5.077(b),


 the “remaining amount owed on the contract” and the “amounts paid to taxing authorities.” 
Tex. Prop. Code § 5.077(b)(2), (4). It also disclosed part of another item, providing the amount of
interest paid during the prior year, but did not state the total “amount paid under the contract,” or the
“number of payments remaining under the contract.” Id. § 5.077(b)(1), (3). These omissions, while
significant, do not demonstrate such a blatant attempt to circumvent the disclosure requirements as
to render the annual statement a nullity.
III
            The Fifth Circuit next asks whether a purchaser must prove actual harm or injury to recover
statutory damages for an incomplete annual statement. We find nothing in the statute to suggest such
a requirement. Moreover, to conclude that actual damages are a predicate to recovery under this
statue would belie our conclusion that the liquidated damages provision is, in fact, punitive rather
than compensatory. Accordingly, our answer to the second question certified is also, No.
            Finally, the Fifth Circuit asks whether the “liquidated damages” imposed under this statute
are also “exemplary damages” under Chapter 41 of the Texas Civil Practice and Remedies Code,
such that a purchaser must also comply with the requirements of Chapter 41 to collect these statutory
damages. Chapter 41 generally limits the award of exemplary damages, which it broadly defines as
any damages that are “awarded as a penalty or by way of punishment.” Tex. Civ. Prac. & Rem.
Code § 41.001(5).


 Because the incomplete annual statement here did not invoke the liquidated
damages provision of Section 5.077(c), we decline to decide at this time whether these statutory
damages are also “exemplary damages” within the meaning of Chapter 41.
* * * * *
            In summary, we conclude that an annual statement that omits some of the information
required by Section 5.077(b) does not invoke “liquidated damages” under Section 5.077(c) unless
the statement is so deficient as to be something other than a good faith attempt by the seller to
inform the purchaser of the current status of their contractual relationship. We further conclude that
these statutory damages are penal in nature and do not require actual harm as a predicate to recovery. 
 
__________________________________
Justice David M. Medina
 
 
 
Opinion delivered:      September 30, 2005