United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 8, 2006**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
for the Fifth Circuit

———————

m 03-21002

———————

ARTURO FLORES,

Plaintiff-Appellant,

VERSUS

MILLENNIUM INTERESTS, LTD., ET AL,

Defendants,

MILLENNIUM INTERESTS, LTD.,

Defendant-Appellee.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PEDRO FLORES AND MARIBEL FLORES,

Plaintiffs-Appellants,

VERSUS

MILLENNIUM INTERESTS, LTD., ET AL.,

Defendants,

MILLENNIUM INTERESTS, LTD.,

Defendant-Appellee.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ALEJANDRO VERGARA AND JOAQUINA VERGARA,

Plaintiffs-Appellants,

VERSUS

MILLENNIUM INTERESTS, LTD., ET AL.,

Defendants,

MILLENNIUM INTERESTS, LTD.,

Defendant-Appellee.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_____

m 03-21003

_____

ARTURO FLORES,

Plaintiff-Appellant,

VERSUS

MILLENNIUM INTERESTS, LTD., ET AL,

Defendants,

MILLENNIUM INTERESTS, LTD.,

Defendant-Appellee.

2

**************

PEDRO FLORES AND MARIBEL FLORES,

Plaintiffs-Appellants,

VERSUS

MILLENNIUM INTERESTS, LTD., ET AL.,

Defendants,

MILLENNIUM INTERESTS, LTD.,

Defendant-Appellee.

**************

ALEJANDRO VERGARA, ET AL.,

Plaintiffs,

ALEJANDRO VERGARA,

Plaintiff-Appellant,

VERSUS

MILLENNIUM INTERESTS, LTD., ET AL.,

Defendants,

MILLENNIUM INTERESTS, LTD.,

Defendant-Appellee.

3

Before SMITH and WIENER, Circuit Judges.[*]

PER CURIAM:

The Supreme Court of Texas has answered our certified questions. *See Flores v. Millennium Interests, Ltd.*, 185 S.W.3d 427 (Tex. 2005). Based on those answers, we affirm the summary judgment in favor of Millennium Interests, Ltd. ("Millennium").

As explained in our original opinion, *Flores v. Millennium Interests, Ltd.*, 390 F.3d 374 (5th Cir. 2004) (per curiam), plaintiffs purchased houses from Millennium under contracts for deeds. Millennium retained Concord Servicing Corp. ("Concord") to perform accounting and reporting services for the contracts. Concord provided annual statements for the years 2001 and 2002 to each of Millennium's customers, including plaintiffs.

In 2001 the Texas Legislature renumbered and revised TEX. PROP. CODE § 5.077, subsection (a) of which requires a seller of a contract for deed to provide annual statements to its purchaser, and subsection (b) of which lists seven items that must be included in each such statement.[1] The annual statements provided to plaintiffs omitted two of the required items: § 5.077(b)(1), the "amount paid under the contract," and § 5.077(b)(3), "the number of payments remaining under the contract."[2] Under § 5.077(c), a seller that fails "to comply with Subsection (a)" becomes liable to the purchaser for "(1) liquidated damages in the amount of $250 a day for each day after January 31 that the seller fails to provide the purchaser with the statement; and (2) reasonable attorney's fees."[3]

---

[*] Judge Pickering was a member of the panel but retired from the court after the original opinion was issued. This appeal accordingly is decided by a quorum. *See* 28 U.S.C. § 46(d).

[1] Those items are "(1) the amount paid under the contract; (2) the remaining amount owed under the contract; (3) the number of payments remaining under the contract; (4) the amounts paid to taxing authorities on the purchaser's behalf if collected by the seller; (5) the amounts paid to insure the property on the purchaser's behalf if collected by the seller; (6) if the property has been damaged and the seller has received insurance proceeds, an accounting of the proceeds applied to the property; (7) if the seller has changed insurance coverage, a legible copy of the current policy, binder, or other evidence that satisfies the requirements of Section 5.070(a)(2)." TEX. PROP. CODE § 5.077(b).

[2] The annual statements also did not include the final three items listed in § 5.077(b), because Millennium had neither provided, received, nor changed insurance on these properties.

[3] Although not applicable to the present case, effective September 1, 2005, the statute was amended to limit the damages under this provision,
(continued...)

Plaintiffs sued, asserting, *inter alia*, claims against Millennium under § 5.077 and against Concord under the Federal Fair Debt Collection Practices Act. Jurisdiction is based on 28 U.S.C. § 1331. The district court entered summary judgment for Millennium and Concord on all claims. Plaintiffs appealed only the adverse ruling on the § 5.077 claims.

Because the case involves determinative but unanswered questions of Texas law, we certified three questions to the Texas Supreme Court:

> 1. If a seller under a contract for deed sends a purchaser a statement under § 5.077(a) that omits any of the applicable information listed in § 5.077(b) of the Texas Property Code, specifically in the information required by § 5.077(b)(1) or (3), or both, is the seller liable to the purchaser for $250 per day liquidated damages as set forth in § 5.077(c)?
>
> 2. If a seller under a contract for deed sends a purchaser a statement that omits information required by §§ 5.077(b)(1) and (3), must the purchaser prove actual harm or injury to recover liquidated damages under the statute?
>
> 3. In 2001, 2002, and 2003, did the statutorily defined "exemplary damages" in chapter 41 of the Texas Civil Practice and Remedies Code encompass the statutorily defined "liquidated damages" in § 5.077 of the Texas Property Code, so that to re-

cover under § 5.077 of the Property Code a purchaser would have to comply with § 41.003 of the Civil Practice and Remedies Code?

*Flores*, 390 F.3d at 376-77. The Supreme Court of Texas gave negative answers to the first two questions and concluded that those two answers made it unnecessary to reach the third question. *See Flores v. Millennium Interests, Ltd.*, 185 S.W.3d 427, 429 (Tex. 2005). In answering the first question, the court held that "an annual statement under Section 5.077 that omits some required information does not invoke the 'liquidated damages' provision unless the statement is so deficient as to be something other than a good faith attempt by the seller to inform the purchaser of the current status of their contractual relationship." *Id.* at 433.

The court further held that the annual statements mailed to the plaintiffs in this case were "timely under § 5.077(a) and that the omission of some information required by § 5.077(b) did not render them deficient or otherwise invoke the liquidated damages provision of § 5.077(c)." *Id.* at 428-29. We agree.[4]

The company hired by Millennium to service its contracts for deeds provided the same annual statements it typically sent borrowers with traditional mortgage loans. Those state-

---

[3](...continued) for lenders that conduct at least two § 5.077 transactions per year, to the fair market value of the property and reasonable attorney's fees. 2005 Tex. Sess. Law Serv. ch. 978 (H.B. 1823) (West).

[4] Because we agree with the conclusion of the Texas Supreme Court on the application of the law it has announced to the facts of this case, we need not, and do not, decide whether this court is bound to follow the application of that court's response to these particular facts. *See Amberboy v. Societe de Banque Privee*, 831 S.W.2d 793, 798 (Tex. 1992) ("It would exceed this court's constitutional and rule-based authority to apply our answer to the factual record before the Fifth Circuit.").

ments contained two of the four items required by § 5.077(b), the "remaining amount owed on the contract" and the "amounts paid to taxing authorities." TEX. PROP. CODE § 5.077(b)(2), (4). One of the omitted items, the "total amount paid under the contract," can be calculated from the contracts themselves.[5] The statements also included information not required by statute, such as the interest paid during the preceding year and the calculation of the purchaser's escrow payments.

Although the statements omit two items required by § 5.077(b), they plainly constitute a good-faith effort by Millennium to inform plaintiffs of the current status of their contractual relationship. Thus, according to the test provided by the Texas Supreme Court, under Texas law the annual statements provided to these plaintiffs do not invoke the liquidated damages provision of § 5.077(c).

Therefore, it is unnecessary for us to reach the remaining two questions we certified. The summary judgment is AFFIRMED.

---

[5] The "total amount paid under the contract" can be determined by subtracting the account balance, which was included on the annual statements, from the original purchase price.